## Huppert vs. Morrison.

TRESPASS TO THE PERSON : *Rights of owner of personal property, which is on the premises of another.*

1. The owner of personal property cannot take it by violence from the peaceable though wrongful possession of another.
2. Where M. owned and had a right to the possession of personal property which was on the premises of H., but was forbidden by the latter to enter for the purpose of removing it, if he persisted and commenced taking down the fence, in order to make such entry and removal, and H. resisted him, using no more force than was necessary to repel him, and if M. then inflicted personal violence upon H., he was liable to the latter in trespass.

APPEAL from the Circuit Court for *Jefferson* County. The first cause of action alleged in the complaint is for trespass to the plaintiff's close, with injuries to his fence, etc., to his damage $500 ; and the second is for an assault and battery, committed at the same time, to his damage $500. The answer avers, in substance, that defendant entered peacefully and rightfully upon the land for the purpose of drawing away straw belonging to him, then piled thereon, and was violently assaulted by plaintiff and other persons with pitchfork and clubs, etc., before he himself had used any violence, and that every act then done by him was done in defense of his person and of his rights.

The evidence need not be stated. The court, at plaintiff's request, gave the following instructions :

" 1. The owner of personal property cannot take it from the peaceable though wrongful possession of another by violence on his person."

" 2. If plaintiff was in possession of the premises described in the complaint, and forbade the defendant entering, and the defendant persisted, and commenced taking down the fence, the plaintiff had the right to resist him with force, using no more force than was necessary to repel defendant ; and if defendant injured

plaintiff, or struck, or jerked him about or over the fence, the jury must find for the plaintiff."

" 3. If plaintiff was in possession of the premises in question at the time of the affray, and had forbidden or refused to allow defendant to go upon them, and defendant commenced taking down the fence for the purpose of entering the close; and if plaintiff, for the purpose of preventing defendant from entering, took hold of the rail of the fence, and defendant, while plaintiff was so holding fast the rails, took hold of the same and jerked plaintiff over the fence; then defendant was guilty of an assault and battery, and plaintiff is entitled to recover."

" 4. If plaintiff was in possession of the premises, and had forbidden defendant from entering upon the same, and defendant attempted to take down the fence of plaintiff, then plaintiff was justified in using sufficient force to prevent defendant from so doing; and if defendant struck plaintiff while he, plaintiff, was so resisting him, then defendant is guilty of committing an assault and battery upon the plaintiff."

(The record states that the third and fourth instructions were given, as the law applicable only to the state of facts indicated in the second proposition.)

" 5. If defendant tore down the fence of plaintiff, after being forbidden so to do, he was guilty of a trespass *quare clausum*, and plaintiff is entitled to recover."

" 6. If the witness Bolt carried on the farm prior to the 1st of November, under an agreement with Walker to divide the profits of the same equally, and at the time of the affray had left the premises, and plaintiff was in full possession of the same under his deed from Walker, then neither Bolt nor the person to whom he sold the straw had a right to enter to take away the same after forbidden by plaintiff."

" 7. If defendant used any more force than was necessary to protect himself against the assault of plaintiff, then he is guilty of an assault and battery."

" 8. If plaintiff on the first day of November was entitled to the full possession of the premises under the agreement with Walker, and Bolt and Walker abandoned the possession of the premises without removing any of the straw stacks, and plaintiff was in the actual possession at the time of the affray, then neither Bolt nor Walker, nor any person claiming under them, had any right to enter the premises against the will of plaintiff; and if defendant, under such a state of facts, attempted to enter and take down the fence, and used force against plaintiff after he had forbidden him to enter, then he is guilty of both a trespass and an assault and battery, and the jury should find for the plaintiff."

(The printed case states that " to the foregoing the judge appends the following note : ' The instructions asked for by plaintiff were qualified to this extent: that if the straw was defendant's, under the circumstances he had a right to go upon the premises to remove it, provided he could do it peaceably.' ")

At the request of defendant the court gave the following instructions, modifying the third by adding the words here printed in italics :

" 1. Straw raised upon a farm is not appurtenant to the land, and a tenant has a right to remove his share, unless otherwise agreed."

" 2. If Bolt, the tenant, sold his part of the straw to defendant, such sale conferred upon him the same right to enter upon the premises and take it away that Bolt possessed."

" 3. The sale of personal property rightfully upon the premises of another, confers upon the purchaser, as incident to such sale, the right to enter upon the premises in a peaceable manner and remove the same, *provided the owner had notice of such purchase.*"

The court refused the following instructions asked by the defendant :

"If the straw in question was the property of defendant, he had a right to go upon the premises in the usual way in a peaceable manner, and if that way was closed by plaintiff, then in the next most practicable route, but so as to do no injury to the freehold, and take away the same; and if plaintiff forbade such entry, it would make no difference with defendant's rights; and if the plaintiff inflicted violence upon the defendant while making such entry, he himself would be guilty of assault and battery."

"If you find that plaintiff committed the first assault, you will find for defendant, unless he used more force than was necessary to repel the attacks of plaintiff and his abettors."

"If A. deed his farm to B. and deliver such deed at once, the law would allow A. to go into the fields and upon the farm and take off his personal property, without any express reservation in the deed."

The court then instructed the jury as follows:

"Plaintiff sues in trespass, alleging that his close was broken by defendant, and that defendant inflicted personal violence on him in defending his possession. There are two counts in the complaint, but there is but one injury under the evidence, if plaintiff has shown a cause of action."

"The owner of a chattel in the possession of another may take it from the other without legal process, provided he can do it without an assault upon the party in possession. If he uses violence on such party to obtain possession, he is a trespasser, although he may be the right owner of the property. I might here introduce this exception: as against a thief, the owner might use force in the first place, without any demand. If a person seize another's property, knowing he has no right thereto, intending to maintain his possession by force, the owner may use the necessary force to recover his property, without incurring the disapprobation of the law."

" The defense of one's enclosure will not justify the use of a dangerous weapon, such as a pitchfork, in the first instance. In no case can the occupant of land take the life of a trespasser, although it might not be possible to drive him from the premises alive. The law may be different in case of a forcible entry into a dwelling house. To strike and thrust another with a dangerous weapon, who is attempting to make an entry upon enclosed grounds, if such other is acting under the belief of a legal right, is a trespass on the part of the owner of the close. He may use superior force, if he has it, in keeping the trespasser off his grounds; but this force must not consist in the use of dangerous weapons; it invites a resort to such weapons by the other party, and tends to fatal results. If the occupant of land uses such a weapon in his first attempt to banish the trespasser, he cannot maintain an action afterwards for the breaking of his close, nor for blows he receives from the trespasser, unless such blows were out of proportion to the previous assault. It is for you to decide whether the fork used was a dangerous weapon, and how it was used, and whether it gives a new character to the affray. A man may lose his right to damages in resisting a trespass by illegal means, and become himself a trespasser. Whether such is the case here you must determine from all the facts, and from the law as I have presented it to you. The general principle is, that if a person assumes to punish a trespasser by illegal measures, he must be satisfied with the satisfaction he obtains. *I do not think that the responsibility of the defendant is in any way affected by conceding his right to enter upon the plaintiff's close to take the straw. It might be that had he been able to enter peaceably and take the straw, he would not have been a trespasser; yet the plaintiff, defending the actual possession of a chattel which he believed to be his, had the right of using his physical force in the mode authorized by law in maintaining that pos-*

session. It makes no difference whether he used that force at the fence or at the straw stacks. The sole question is, Has he himself become a trespasser in the mode of his defense? However ill-founded his claims, he could not be treated as though he intended a larceny; and whatever might be said of constructive possession, or the right of possession, the plaintiff was in an attitude to defend his possession of the straw, using such force as the law justified, and no more. Whether he has done so, it is for you to inquire. If the defendant was not at first pricked by the fork—if all the plaintiff and those aiding him did, was to hold the rails to their places, and to push the defendant away—if this was the whole transaction, you will find for the plaintiff. If, after such resistance, the defendant struck the plaintiff, clearly, then, your verdict must be for the latter, unless he forfeited his right to damages by a subsequent excessive assault. If the plaintiff and those aiding him, first resorted to blows—no such attempt being threatened by the defendant—he has forfeited his right to a recovery, unless the defendant, in returning these blows, used unnecessary and excessive violence. If plaintiff used blows, after he or those with him received like treatment, he can still recover, unless his violence was excessive. If the defendant entered under a claim of right, plaintiff could use sufficient force to eject him; but this does not mean hurtful and willful and serious blows, unless necessary to parry off the violence of the trespasser, or unless some such violence was to be apprehended from him. A close has not the sacredness of a dwelling-house."

Defendant then requested an instruction to the jury, that any verdict for plaintiff below $50 would carry costs in his favor, not exceeding, however, the damages found; but the court refused the instruction, on the ground that the jury had nothing to do with the question of costs.

The defendant excepted to the instructions given at plaintiff's request; to the modification of the third instruction given at his own request; to the refusal

of instructions asked by him; and to so much of the general charge as is printed above *in italics.*

Verdict for plaintiff for $40; new trial denied; and defendant appealed from a judgment on the verdict.

*L. B. Caswell,* for appellant, contended, that if defendant had a right to enter and remove the straw, plaintiff had no right to use force to prevent his entering, or to eject him; and plaintiff having committed the first assault and battery, defendant was not liable, unless his blows in return were excessive. *Scribner v. Beach,* 4 Denio, 448; *Spencer v. McGowen,* 13 Wend. 256; 6 Barb. 607; 3 Johns. .239; 4 id. 150, 313; 9 id. 143; 16 id. 197; 1 Ohio, 251; 34 N. H. 454; 8 Met. 34; *Comm. v. Lakeman,* 4 Cush. 597; *Wilde v. Cantillon,* 1 Johns. Cas. 123; *Ives v. Ives,* 13 Johns. 235; 8 Wend. 555; Bac. Abr. " Trespass," F.; 1 Chitty's Pl. 175, note; 3 Blacks. Comm. 3–5, 120, 121.   2. To the point that the court erred in refusing the instruction about costs, he cited 2 Wend. 497.

*Gerrit T. Thorn,* for respondent, to the point that a possession in fact will justify force, if necessary, to defend it, but a mere *right of possession* will not justify the use of force to gain an actual possession, cited *Reeder v. Purdy,* Am. Law Reg. for December, 1866, p. 104; *Newton v. Harland,* 39 E. C. L, 581; *Sampson v. Henry,* 11 Pick. 379; *Dustin v. Cowdry,* 23 Vt, 631; *Parsons v. Brown,* 15 Barb. 590; *Newkirk v. Sabler,* 9 id. 652; *Andre v. Johnson,* 6 Blackf, 375; *Suggs v. Anderson,* 12 Ga. 461; 1 Hilliard on Torts, 208.

The following decison was rendered at the June term, 1868.

DIXON, C. J.   This case comes up on exceptions to the instructions given and refused. We think the law applicable to the case was stated correctly in the charge of the learned judge to the jury, and see no error for which we think the verdict and judgment ought to be disturbed.

*By the Court.*—Judgment affirmed.