1828.

Kirby
v.
Kirby.

*KIRBY v. KIRBY.

In a suit brought by either husband or wife for a divorce, on the ground of adultery, the wife prosecutes and defends without a guardian or next friend, as a feme sole;[1] and her affidavit is admissible against the husband, as to any matter or proceeding in the cause.

An injunction, a receiver, and a writ of *ne exeat*,[2] may all be resorted to in the same suit, to aid the court in doing justice between the parties.

A husband, by committing adultery, subjects himself and his property to the jurisdiction of the Court of Chancery, so far as to enable the court to order his property to be applied to the support of his family, both during the litigation and afterwards.[3]

And the power of the court extends to compelling the husband to apply a portion of his daily earnings to the same object, during the pendency of the suit.

Nov. 20th.

THIS was a motion on the part of the defendant to dissolve the injunction and *ne exeat* issued in this cause; and the complainant applied for the appointment of a receiver, and for a monthly allowance out of the estate of her husband, for the support of herself and children during the litigation. The facts upon which the motions were founded appeared in the opinion of the Chancellor.

*D. Selden*, for the defendant, cited *Sedgwick* v. *Watkins*, (3 Brown's Ch. Cas. 12; 1 Ves. jun. 49;) *Mix* v. *Mix*, (1 John. Ch. R. 108; (*Miller* v. *Miller*, (6 John. Ch. R. 91.)

*E. Paine*, contra, cited 1 R. L. 200, sec. 5; *Shaftoe* v. *Shaftoe*, (7 Ves. R. 170;) 2 Madd. 184; *Barrere* v. *Barrere*, (4 John. Ch. R. 187;) *Denton* v. *Denton*, (1 John. Ch. R. 364.)

THE CHANCELLOR:—The complainant has filed a bill for a divorce, on the ground of adultery. There are three

[1] See New York Code, sec. 114; *Shore* v. *Shore*, 2 Sanf. S. C. R. 715.
[2] *Bushnell* v. *Bushnell*, 7 How. Prac. R. 393.
[3] 2 R. S. (4th ed.) 329, sec. 57.

1828.

Kirby
v.
Kirby.

[*262]

children of the marriage, the eldest of whom is only six years of age. The defendant's property consists of an undivided interest in certain coasting vessels which sail between New York and Baltimore, estimated at from $500 to $1,000. The income of this property, including the personal services of the defendant as captain of one of the vessels, amounts to *$35 per month. On the affidavit of the complainant, and upon the particular circumstances charged in the bill, the master has allowed an injunction to restrain the defendant from parting with his property, and has also allowed a *ne exeat*, in the sum of $3,000. The defendant applies to dissolve the injunction and *ne exeat*, or to modify the same, and the complainant applies for a receiver, and for a monthly allowance for the support of herself and children pending the litigation.

There is no weight in the objection that the injunction and receiver cannot be allowed on the affidavit of the wife. In these divorce causes, the wife prosecutes and defends without guardian, as a *feme sole*. It has been the uniform practice of the court to receive the affidavit of either party against the other, as to any matter or proceeding in such cases.

The injunction, receiver and *ne exeat*, may all properly be made use of to aid the court in doing justice between the parties. The husband, who is guilty of adultery, voluntarily subjects himself and his property to the jurisdiction of this court, so far as to enable the Chancellor to order his property to be applied to the support of his family during the litigation, and afterwards. The court may also compel him to devote a part of his daily earnings to the same object pending the suit. The injunction and *ne exeat* were properly issued; but, from the facts now appearing, the latter writ required bail in too large an amount. It must be reduced to the sum of $1,000. The injunction must be continued, and a receiver appointed, with directions to allow to the complainant $25 per month out of the property, for the support of herself and children pending this litiga-

tion, or until the further order of the court. But to enable the defendant to continue his employment, as master of the vessel between New York and Baltimore, the receiver is not to be appointed, and the injunction and *ne exeat* are to be dissolved, provided the defendant does, within one week, execute and deliver to the assistant register of this court a bond, with two sufficient sureties, to be approved of by a master in the sum of $1,000, *conditioned to pay the monthly allowance above mentioned, and to obey, perform and abide by such other orders and decrees as may from time to time be made by the court in this suit.