## THOMAS vs. THOMAS.

### Twelfth Judicial District Court, October, 1857.

#### ABILITY TO SUPPORT—DIVORCE.

What constitutes such an ability, within the meaning of the statute allowing divorces, on the part of the husband to support the wife, that the omission on his part to do it will authorize a divorce.

*Burbank*, for plaintiff,

Defendant not in court.

NORTON, J.—The plaintiff asks a divorce on the ground that the defendant has, for three years, wilfully neglected to furnish her with the common necessaries of life, having the ability to provide the same. The proof of this ability is, that he is an able-bodied man, in good health, and a carpenter and joiner by trade, and able to earn the means of supporting his family. I had some question, whether the ability contemplated by the statute was not some fund on hand, or some property out of which the means might be realized. But it is settled upon authority, that a man will be required to furnish alimony to his wife, in case of divorce, out of his daily earnings, if he has no other means; and upon principle, the same rule must apply to a husband and wife while living together. He must furnish her the common necessaries of life, if he is able to earn the means. (Bishop on Marriage and Divorce, sec. 537–604; Kirby vs. Kirby, 1 *Paige*, 261; Lawrence vs. Lawrence, 3 *Paige*, 267.) The plaintiff is, therefore, entitled to a divorce on the proofs.