[No. 23564.   Department Two.   March 8, 1932.]

THE SEATTLE NATIONAL COMPANY, *Respondent*, v.
WILLIAM A. GILMORE, *Appellant*.[1]

[1]Reported in 9 P. (2d) 95.

*Leo W. Stewart, Winter S. Martin,* and *Harry S. Redpath,* for appellant.

*Bausman, Oldham & Walkinshaw,* for respondent.

BEALS, J.—Plaintiff sued defendant upon a promissory note, asking for judgment thereon, together with the foreclosure of mortgages and pledges of real and personal property which had been given by defendant as collateral security to the note. This note had been executed by defendant in favor of Seattle National Bank, the payee having, prior to the institution of this action, transferred all of its assets to the plaintiff herein, plaintiff conceding that it is not a holder of the note in due course, and that defenses good against the original payee may be urged as against plaintiff.

Defendant answered, admitting the execution of the note and the mortgages and pledges securing the same, but denying that there was anything due plaintiff from defendant, and, by way of a cross-complaint, alleging the execution of the note and that defendant, as partial security for the payment thereof, pledged to the payee a certificate for one hundred shares of the capital stock of Red Top Cab Company, which certificate was then of the market value of approximately ten thousand dollars. Defendant further alleged that the payee named in the note, being the holder of the collateral security above referred to, unlawfully conspired with an officer of Red Top Cab Company to organize a new corporation to take over all of the assets and business of the cab company, which scheme was carried out, with the result that Red Top Cab Company was wrecked and its stock rendered valueless, to defendant's damage in the sum of ten thousand dollars.

Defendant prayed that plaintiff's action be dismissed, and that he have judgment against plaintiff and its assignor for the difference in value between

the market value of the stock certificate pledged by defendant as collateral to his note and the amount of the note, and that it be ordered that all other collateral deposited by defendant as security for the note be returned to him.

Replying to this cross-complaint, plaintiff, after denying the material allegations thereof, pleaded affirmatively the following:

"The defendant in this action commenced an action in the superior court of the state of Washington for King county against this plaintiff and others, being cause No. 227908, in which the plaintiff Gilmore therein set forth the same matters and things and the same allegations as contained in the answer and cross-complaint in the instant suit. Said cause was tried and resulted in a judgment dismissing the plaintiff's cause of action with prejudice, and the matters and things litigated in said cause, to-wit, No. 227908, are *res adjudicata* and a bar to the cause of action and cross-complaint counterclaim set forth in the defendant's answer herein. Defendant refers to the pleadings and judgment in said cause 227908, and by reference thereto makes the same a part of this reply."

The trial court, treating the affirmative matter contained in defendant's answer as an independent cause of action set up by way of a cross-complaint, allowed defendant to reply to the affirmative matter contained in plaintiff's reply (which the court considered as an answer), defendant admitting the institution of the action pleaded by plaintiff, and that the same was by the court dismissed with prejudice, but denying that the action constituted *res judicata* as to defendant's cross-complaint.

At the trial of this action, plaintiff proved the execution of the note and the mortgage and pledge of real and personal property securing the same, including the pledge of the certificate of stock of Red Top Cab Company referred to by defendant in his cross-com-

plaint. Plaintiff then rested, and defendant proceeded to introduce evidence in support of his cross-complaint, whereupon plaintiff offered to introduce the files in the action pleaded by it in its answer to defendant's cross-complaint as *res judicata* thereto. Defendant objected to the introduction of the files in the prior action, upon the ground that the offer was premature, and that the court should hear defendant's testimony under his cross-complaint before proceeding to consider the question of whether or not the judgment in the prior action constituted *res judicata*. The trial court, being of the opinion that it would be advisable to determine as soon as possible the question of law raised by plaintiff's plea of *res judicata,* overruled defendant's objection and admitted the files in evidence.

After considerable discussion and argument, the trial court intimated that, in its opinion, the judgment of dismissal with prejudice entered in the earlier case constituted *res judicata* as to defendant's cross-complaint in the pending action. Defendant thereupon made a formal offer to establish by competent testimony the material allegations of his cross-complaint. Plaintiff then objected to the introduction of any testimony under the cross-complaint, upon the ground that the former suit constituted *res judicata*. After further discussion, the court sustained plaintiff's objection, to which ruling defendant preserved an appropriate exception. The court then entered a decree in plaintiff's favor on the promissory note sued upon, awarding also foreclosure upon the collateral held by plaintiff as security for the payment of the note.

From this judgment defendant appeals, assigning as error the ruling of the trial court admitting in evidence the record in the prior action before hearing the evidence offered by defendant under his cross-complaint, and in refusing defendant the right to introduce his

evidence. Error is also assigned upon the refusal of the trial court to grant a new trial, and in entering the judgment appealed from.

The action, the judgment in which the trial court in this proceeding held *res judicata* as to defendant's cross-complaint, was instituted by this appellant as an unsecured creditor of, and a minority stockholder in, Red Top Cab Company, the plaintiff seeking to set aside a transfer of the assets of the corporation to another corporation, and asking for the appointment of a receiver. Seattle National Bank, the original payee in the note sued upon herein, and the respondent in this action were both named as defendants in the prior cause. This respondent appeared in that action, but the bank was not served and did not appear.

This appellant, in his complaint in the first action, alleged that certain persons therein named had conspired to convert and appropriate the assets of Red Top Cab Company to the use of the Seattle National Bank and of themselves, to the damage of the minority stockholders and the creditors of that corporation, including the appellant herein, and that the bank had thereafter assigned all of its assets to the respondent in this action for the purpose of liquidating its affairs, the bank having merged its corporate entity with other banks. Appellant further alleged that respondent herein, as successor in interest of Seattle National Bank, together with the other defendants named in the prior action, should be compelled to restore to Red Top Cab Company all of the property and assets which that corporation had conveyed to the corporation which appellant alleged had been organized to take over its property and business.

The files in the prior action are before us as exhibits in this cause, the judgment upon which respondent re-

lies as *res judicata* of appellant's cross-complaint reading as follows:

"This cause having been regularly called for trial, all parties being present in person or represented by counsel; the court having heard all the plaintiff's testimony in support of his cause of action, and plaintiff having rested; and defendants and each of them having moved the court for a judgment of nonsuit and dismissal, on the ground that, as plaintiff's evidence affirmatively established, he was not entitled to recover anything in this action; the court being advised in the premises and having announced that said motion should be granted; the plaintiff having moved for a new trial, which motion has been duly overruled and denied; and the court being advised, it is

"ORDERED that this cause be and the same is hereby dismissed, with prejudice and with costs taxed in favor of the respective defendants against the plaintiff."

In appellant's complaint in the first action, it was alleged that Seattle National Bank had transferred all of its assets to the respondent in this proceeding. For that reason, no occasion existed for service of process upon the bank, although it was named as a defendant, service upon the respondent in this action being sufficient to protect the rights of the plaintiff in that proceeding (the appellant here).

While it is true that, in his action against this respondent and others, appellant alleged that he was an unsecured creditor of and a minority stockholder in Red Top Cab Company, we hold that appellant brought that action upon his own account and not in any representative capacity. While it is true that, had he prevailed in that action, any decree entered in his favor might have inured to the benefit of other minority stockholders in or unsecured creditors of Red Top Cab Company, this fact does not render that action, for the purposes of this case, other than one

maintained by this appellant on his own individual behalf.

Appellant complains of the ruling of the trial court permitting respondent to offer the judgment roll in the first action before proceeding to hear the testimony which appellant proposed to offer under his cross-complaint. This is an equitable action, and the order of proof to be followed rests largely within the sound discretion of the trial court. This discretion was properly exercised in admitting the judgment roll before proceeding with appellant's case. By following this plan, the question of whether or not, upon the record in the pending case as made up to that time, the prior judgment constituted *res judicata* as to appellant's cross-complaint, was clearly and promptly presented.

Had the court held that the judgment did not constitute *res judicata,* appellant would then have proceeded with the introduction of his evidence. The court having held that the judgment was a bar to appellant's cross-complaint, appellant then had an opportunity to make an offer of proof and thereby fully protect himself and present to this court a record upon which he could argue any matters as to which, in his opinion, the trial court committed error.

Appellant did make an offer of proof, in which he stated that he desired to call witnesses by whom he would establish by competent testimony the material allegations of his cross-complaint. We find in the record no offer of proof which goes further than this. Careful examination of appellant's complaint in the prior action and his cross-complaint in this action convinces us that, upon the record as made before the trial court, the court properly ruled that the judgment in the prior action was *res judicata* as to appellant's cross-complaint herein. The introduction of appel-

lant's testimony under his cross-complaint would have thrown no further light upon this phase of the litigation, as appellant's testimony, under the pleadings and his offer, would be limited to the allegations of his cross-complaint.

Appellant now argues that he should have been permitted to introduce oral testimony to show that the judgment of dismissal with prejudice entered in the prior action was, as a matter of fact, not a judgment upon the merits; but that the same was entered pursuant to a ruling of the court to the effect that, because the evidence showed that Red Top Cab Company was insolvent at the time of the transfer of its assets, and appellant was suing in the capacity of a minority stockholder, and because appellant had been guilty of laches in instituting his action, it affirmatively appeared from the evidence introduced by appellant that appellant was not entitled to any relief, and that his action should be dismissed with prejudice. No findings of fact were entered in the action, the only record of the court's ruling being contained in the judgment above quoted.

The answer to appellant's argument is that neither by his pleadings nor by any offer of proof was this question presented to the trial court. It is true that, in his reply to the plea of *res judicata,* appellant denied the legal effect of the judgment as a bar to his cross-complaint, but he did not plead the facts which he now contends he could have shown by oral testimony; nor on the trial did he make any offer to prove any such facts, his offer, as above stated, being limited to evidence in support of the allegations of his cross-complaint.

Assuming that appellant, under an appropriate offer of proof, would have been entitled to introduce oral

110

testimony to show the grounds upon which the judgment of dismissal of the prior action was entered, we are unable to find from the record before us that any such offer was ever made, that this question was ever presented to the trial court, or that, prior to the filing of appellant's brief herein, appellant ever directed any argument against the judgment pleaded by respondent as *res judicata,* other than that, under the issues as presented by the record in the former case and the pleadings and trial record in this action, it should be held, as matter of law, that the judgment did not constitute a bar to appellant's cross-complaint herein.

■ As we hold that appellant's complaint in the prior action and his cross-complaint in this must be held in law to state, as against respondent, practically the same facts as constituting ground for the granting of relief in appellant's favor, and as the judgment of dismissal of the prior action is general in its terms and recites that the testimony introduced by this appellant in that case in support of his cause of action affirmatively established that appellant was not entitled to any relief, it follows that the trial court correctly held that the judgment pleaded by respondent constituted *res judicata* as to the allegations contained in appellant's cross-complaint herein. *Morgan v. Hart,* 84 Wash. 496, 147 Pac. 26; *Jackson Co. v. Gardiner Inv. Co.,* 200 Fed. 113; *Corcoran v. Chesapeake & Ohio Canal Co.,* 94 U. S. 741; *Williams v. Southern Pac. Co.,* 54 Cal. App. 571, 202 Pac. 356; Freeman on Judgments, §§ 420-421.

■ It is intimated in appellant's brief that an appeal is pending in this court from the judgment rendered in the prior action. No facts are called to our attention which would render this case an exception to the rule laid down in the case of *Kaufman v. Klain,* 69 Wash. 113, 124 Pac. 391, in which this court said:

"Whether the taking of an appeal from a judgment suspends its effects as *res judicata* is a question upon which the courts are divided; but we think the better reason, if not the weight of authority, is with the holding that it is not so suspended. See, 23 Cyc. 1128, 1223."

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, MILLARD, and MITCHELL, JJ., concur.