SCOTT WALDO v. LONA M. WALDO.

*Res judicata—Parties impleaded concluded by decree.*

If one who is in privity with a complainant, and has precisely the same rights, does not join as complainant, it is proper to implead him as defendant; and if the case is one in which all rights can be adjudicated without a cross-bill, he is concluded by the decree, and cannot begin another suit in his own behalf.

Appeal from Ingham. (Gridley, J.) Oct. 7.—Dec. 20.

BILL to clear title. Complainant appeals. Affirmed.

*Huntington & Henderson* for complainant.

*M. V. & R. A. Montgomery* for defendant. The final judgment in a court of competent jurisdiction is binding and conclusive upon parties and privies: 1 Greenl. Ev. §§ 522–532; Herm. on Estop. §§ 32, 37, 41, 42, 148–154; *Outram v. Morewood* 3 East 346; *Embury v. Connor* 3 N.Y. 522; *Doty v. Brown* 4 N. Y. 71–73; *White v. Coatsworth* 6 N. Y. 137; *Davis v. Tallcot* 12 N.Y. 188; *Demarest v. Darg* 32 N. Y. 290; *Miller v. Manice* 6 Hill 125; *Bouchaud v. Dias* 3 Den. 243; *Danaher v. Prentiss* 22 Wis. 317; *Wales v. Lyon* 2 Mich. 276: *Prentiss v. Holbrook* 2 Mich. 375; *Tucker v. Rohrback* 13 Mich. 74; *Barker v. Cleveland* 19 Mich. 230; *Hazen v. Reed* 30 Mich. 334; *Fifield v. Edwards* 39 Mich. 264–266; *Baxter v. Aubrey* 41 Mich. 17; *Jacobson v. Miller* 41 Mich. 90–93, and Cooley's Const. Lim.

47–57 ; as well in equity as at law ; and a decree of dismissal is as binding and conclusive as any other : Herm. on Estop. §§ 151–3 ; 2 Dan. Ch. Pr. (3d ed.) 1000 ; *Holmes v. Remsen* 7 Johns. Ch. 286–290 ; Cowen & Hill's Notes 915–923.; Note 639, p. 358 Phill. Ev. ; *Adams v. Cameron* 40 Mich. 509.

SHERWOOD, J.   There is no dispute about the facts in this case so far as it is necessary to consider them in disposing of the questions raised.   Jerome B. Waldo, late of Ingham county, died on the 18th day of May, 1880.   His two children and only heirs at law, the complainant and Mary Allen, claim that at the time of his death he was owner in fee of a large amount of real estate in Ingham county.   The defendant (claiming to be his widow) holds the legal title of record to the real estate in question, through two deeds made to her by Jerome B. Waldo before his death.   But the heirs claim that she deeded it back to him before he died, and that he held the deed (which was unrecorded) when he died.   The defendant admits that the unrecorded deed existed, but claims that it was never delivered, and never was intended to be if she outlived her husband, Jerome B. Waldo.

The purpose and object of the bill of complaint in this case is to obtain a decree establishing the title in fee to the lands therein mentioned, in complainant and Mary Allen as children and heirs at law of deceased.

It appears from the record that Mary Allen, in May, 1881, filed her bill of complaint, making the parties to this suit defendants therein, for the purpose of accomplishing the same object sought by the bill in this case ; that the case was finally heard on appeal in this Court on the merits, and the complainant's bill dismissed.   See *Allen v. Waldo* 47 Mich. 516.

From the facts as they now appear before us, the complainant should have joined with his sister as a party complainant in the first suit, but failing to do so, he was properly made a party defendant therein, and as such, is subject to all the legal

consequences necessarily resulting therefrom. The complainant was not only a party to that suit and the adjudication therein, but privy in blood and estate with the complainant in the same. Both were alike interested in the subject-matter of the litigation; both claimed under the same conveyance and as heirs at law of the same ancestor. They each claimed, not separate and distinct moieties, but equal, undivided interests in the entire property; and we think that if one is concluded by the final decision made in this Court in the former case, then equally so is the other. *Prentiss v. Holbrook* 2 Mich. 376; *Hale v. Chandler* 3 Mich. 535; Cooley's Const. Lim. 47–51, and cases cited; 1 Greenl. Ev. §§ 180, 322, 323, 535, 536; Herm. on Estoppel §§ 46–49, 59.

The right now claimed by complainant could have been as fully asserted and maintained in the former suit as in this. It was competent for the court in that case, upon the pleadings and such proofs as were proper in the case, to make a decree determining and establishing the rights and interests of each of the parties without the necessity of a cross-bill or other proceeding for affirmative relief. 1 Barb. Ch. Pr. 339; *Thurston v. Prentiss* 1 Mich. 194; *Elliott v. Pell* 1 Paige 262; *Jones v. Grant* 10 Paige 348. The complainant was a necessary party in the first suit—see Story's Eq. Plead. (6th ed.) §§ 72, 150 and cases there cited—and being such party he was a party to every issue joined and litigated in it that could in any way affect his interests or his rights, and must be concluded by the decree upon those issues, and if he did not maintain his rights the decree is no less binding so long as he had the opportunity and neglected to do so.

We think the first suit and decree are clearly a bar to the present action, and that the decree of the circuit judge sustaining defendant's plea and dismissing complainant's bill was right and must be affirmed with costs.

The other Justices concurred.