Lona M. Waldo v. Scott Waldo impleaded with Joseph L. Williams and Benjamin F. Plotts.

*Trespass de bonis—Special notice attached to plea—Administrator's power to take property—Validity of extra-territorial divorce—Jurisdiction.*

1. In a declaration in trespass quare clausum allegations of trespass to the person and of conversion, may be inserted as matters of aggravation.

2 Where a special notice is attached to the plea of the general issue, and the proof offered thereunder is insufficient to establish a defense, the defendant is limited to such matters as may be introduced under the plea itself.

3. An administrator has no power as such to invade at pleasure the premises of a person in peaceable possession of the property of the estate and take it therefrom without process.

4. The exclusion of a question cannot be treated as error if the information sought is afterwards admitted by the introduction of record evidence.

5. In an action of trespass for the improper seizure of property belonging to an estate but at the time in the peaceable possession of plaintiff, a question as to whether the plaintiff had not converted property belonging to the estate after the owner's death, was immaterial.

6. An Indiana divorce cannot be impeached in a purely collateral civil action in Michigan by seeking to show that the residence of the complainant in the divorce suit was not such as to give the Indiana court jurisdiction

7. In a collateral proceeding depending upon a divorce procured in another state, the court which granted it must be presumed to have had jurisdiction, and to have proceeded on the merits in accordance with the local laws.

Error to Ingham. (Gridley J.)   Oct. 18.—Dec. 20.

Trespass. Defendant brings error. Affirmed.

*Quincy A. Smith* and *S. L. Kilbourne* for appellant. Trover and trespass to the person can not be joined:  1 Chit. Pl. 200; Tidd's Pr. 11; *Cooper v. Bissell* 16 Johns. 146; *Smith v. Rutherford* 2 S. & R. 358; an administrator

is a public officer who represents the only legal title to the personalty and has a right of possession : *Cullen v. O'Hara* 4 Mich. 132 ; until distribution an heir or next of kin of an intestate can not maintain an action in respect to his personal property unless founded on actual possession and against a mere wrong doer : *Muir v. Trustees of the Orphan House* 3 Barb. Ch. 477 ; *Morton v. Preston* 18 Mich. 71 ; *Gilkey v. Hamilton* 22 Mich. 286.

*M. V. & R. A. Montgomery* for appellee.

GRAVES C. J. It is not going far to say that this litigation has been made a pretext for discussions which do not belong to it. The subject may be best sifted and explained by referring—*first*, to certain illustrating facts which are not disputed ; and *secondly*, to the effect due to the pleadings. By such means we may see what were the questions to be tried and what matters were irrelevant and how the points now agitated by the defense ought to be considered.

In August, 1864, the plaintiff resided in the state of Indiana, and then and there intermarried with one Henry Carey. In January, 1871, she instituted proceedings in the court of common pleas of Steuben county, in the same state, against said Carey for a divorce from the bonds of matrimony. The record of those proceedings is made a part of the bill of exceptions, and it appears therefrom that Carey, the husband, appeared and submitted to the jurisdiction. He answered to the merits and joined issue on the allegations of the complaint. It also appears that evidence was taken on the points in issue and that Jerome B. Waldo gave evidence tending to show that the plaintiff had been a resident of Indiana since 1869. At the January term for 1872, as the record further represents, the court considered the cause on the pleadings and evidence and made a final decree upon the merits of law and fact and thereby adjudged a dissolution of the marriage.

July 25, 1872, at Williamston in Ingham county, in this State, she intermarried with the said Jerome B. Waldo and

they thence lived together at that place as husband and wife until May, 1880, at which time he died intestate. They were occupying a suite of rooms in her building known as the National Hotel. The rooms constituted their habitation. The furnishing was by themselves. She continued to occupy after his death and the place was her dwelling. She claimed the goods and furniture as her sole property, alleging that a portion was bought with her individual means and that the rest was given to her by Waldo some time prior to his death.

The defendant Scott Waldo is a son of decedent Jerome B. Waldo, and in April, 1881, he procured letters of administration on his father's estate from the probate court of Ingham county. Two days later he called at plaintiff's apartments and asked to be admitted, and he swears that he told her his business was to make an inventory and appraisal of his father's estate. She refused to admit him and locked the door against him. He then went to one of the appraisers who was a justice of the peace, and in character of administrator procured a writ of replevin against the plaintiff for a couch which he alleged belonged to the estate. The writ was handed to defendant Plotts, who was a constable, and he, together with defendant Waldo and the justice, who was also appraiser, proceeded with some others to the plaintiff's rooms and demanded admittance. She refused to let them enter. Upon this they immediately broke in the door and entered the apartments and seized the goods and furniture there being and carried them away. She then brought this action. It was subsequently discontinued as to defendant Smith, and under the judge's charge, the defendants Plotts and Williams were acquitted. The defendant Scott Waldo was held for $650. It follows that the sole consideration here is whether the proceedings are open to any valid complaint on his account.

He censures the declaration. It is offered as an argument that incompatible grounds of action are actually combined. Trespass de bonis, trespass to the person and trover we are told are jumbled together in the same count. There

was no demurrer, and were it true that the declaration is chargeable with duplicity, we should not be inclined to listen to the objection now. . But the criticism offered is refuted by the most familiar rules of pleading. The declaration is in trespass quare clausum, with allegations of personal trespass and conversion by way of aggravation. The right to sue for breaking and entering the apartments of the plaintiff is unquestionable. *Swain v. Mizner* 8 Gray 182; *Lane v. Dixon* 3 C. B. 776; Com. Dig. "Trespass" B 1–2. That a battery may be laid in aggravation has been recognized time out of mind,—*Russel v. Corn* 6 Mod. 127; *Read v. Marshall* 8 Mod. 26; Buller's N. P. 89; 1 Chit. Pl. (7th Eng. and 16th Am. ed.) 412, 413,—and it is well settled that conversion may be charged in the same way. *Pratt v. Pratt* 6 D. & L. 20; 17 L. J. Exch. 299.

To this declaration the defendant Waldo pleaded the general issue and such plea entitled him to give evidence of any matters going to show that he never did the acts complained of. But it authorized no defence which would admit that he was prima facie a trespasser. He could introduce no evidence under it to show a justification, or license or excuse. In order to adduce evidence for either of those purposes a special notice was indispensable. *Osburn v. Lovell* 36 Mich. 246–250; 2 Saund. Pl. & Ev. 856 : Gould's Pl., ch. 6 §§ 38, 58. Acting on this principle he appended a special notice to his plea, to the effect that as to the breaking and entry and the seizure and conversion of the goods as charged, he would show his appointment as administrator of the estate of Jerome B. Waldo; that the goods in question belonged to that estate; and that he entered peaceably, as he lawfully might, to take said goods into his possession and have them inventoried. The notice was confined to this matter. The proceedings by replevin were not mentioned, and unless what he set up was in law sufficient to justify or excuse his entry, he was defenseless on such grounds, and that it was not sufficient seems obvious. The plaintiff was in peaceable possession and claiming to be the owner, and his appoint-

ment as administrator did not commission him to invade
her apartments at his own pleasure and carry off the prop-
erty, whatever the claim he chose to set up to it. The
proposition is too clear for argument. *Anthony v. Haneys*
8 Bing. 186 ; *Hutchinson v. Audsley* 56 Law Times (folio)
91 ; *Blades v. Higgs* 30 L. J. (N. S.) 347 C. P.; *Dixon v.
Clow* 24 Wend. 188 ; *Newkirk v. Sabler* 9 Barb. 652 ;
*Bailey v. Wright* 39 Mich. 96 ; *McLeod v. Jones* 105 Mass.
403 ; *Huppert v. Morrison* 27 Wis. 365 ; *Daniels v. Brown*
34 N. H. 454 ; *Sampson v. Henry* 11 Pick. 379 ; *Wales v.
Newbould* 9 Mich. 45–87 ; *Public Administrator v. Ward*
3 Bradf. Sur. 244. It consequently appears that in
respect to defendant Waldo the case was to be tried and
decided under the general issue. There was no foundation
for evidence of justification or excuse and all questions de-
pending on the opposite theory were immaterial.

The exclusion of the question to the plaintiff on cross-
examination if she did not make a complaint in Indiana
against Carey for a divorce in the form shown by the
record produced was probably warranted. But if other-
wise it worked no prejudice. The record was afterwards
introduced.

The inquiry addressed to Waldo whether the plaintiff
had not to his knowledge converted certain property of
the estate after his father's death was properly ruled out as
immaterial.

The exception on which chief reliance is placed relates to
the divorce from Carey. It is claimed, as I gather from
the case, that as touching the extent of defendant's liability
for converting the goods in controversy, it was a material
question whether the plaintiff was the widow of Jerome B.
Waldo, so as to be entitled in that character to the whole or
a portion of the converted articles, and that it depended, as
to how this was, on the validity of the divorce from Carey,
and that this again depended on the state of her residence
at the date of the divorce proceedings. On this foundation
it is contended that it was competent to go into that ques-
tion in this action and submit original evidence, and require

the opinion of the jury upon it. Accordingly the defendant requested to give evidence and have a finding by the jury that the plaintiff at the time in question was not a resident of Indiana, but of this State. The court refused the offer. No evidence was given or offered of the law of Indiana.

We must intend that the court in Indiana had jurisdiction of the subject of divorce; that the parties submitted to have their case there heard and on the merits and that the mode of proceeding was in accordance with the laws of the state. And it is a necessary implication that the court, on the suit being brought in it, had the power to ascertain and decide whether it was rightly brought there. And the further implication is here equally imperative that such court did consider that question and did decide in favor of the jurisdiction. It heard the altercations and considered the evidence. It investigated and decided on the merits. Whether the plaintiff was a resident of Indiana was one of the matters to be settled on the law and evidence, and the judgment necessarily imports that the court decided on it and determined that she was a resident. It may have erred and there may have been false testimony, but neither of these, if admitted, would cause the judgment to be ipso facto void. This State has never complained of that judgment, and neither party has objected to it. The defendant's intestate affirmed it in the strongest manner. The attempt to impeach it is by circuity and indirection, and in a civil case professedly in the interest of the estate of the very person on whose testimony it was substantially if not wholly based and who subsequently became a party to the marriage thus attacked as illegal.

The position taken is that it was competent in this private and collateral action to submit original evidence in regard to the plaintiff's residence during the suit for divorce and get a new finding on it and in case of its being repugnant to the ruling which the first tribunal, in adjudicating on the evidence before it, was led to make on the same point, to thereupon claim and insist that such opposite determina-

tion was sufficient to annul the judgment for divorce so far as concerns this case.    Under the principle thus contended for the fate of the prior judgment might depend on the slightest circumstantial difference between the evidence originally given and the evidence produced on such collateral inquiry.    The whole might hinge on divergencies of opinion in regard to matters of inference concerning the plaintiff's actual intent.    Indeed the event might turn on considerations still further removed from reliable criteria.    The final result with all its important consequences, might come at last to depend on the idiosyncrasies or the acquired peculiarities of the triers.    Such risks ought not to be taken where policy concurs with safety and utility in requiring the door to be closed against them.    I agree with the circuit judge that the Indiana decree is prima facie valid, and is not to be found inoperative at one time and operative at another, as juries or judges, acting on original facts in collateral litigations about property, may differ from each other or from the first tribunal, on the mixed question of law and fact whether the plaintiff was an actual resident of Indiana when she sued for the divorce.    I am therefore of opinion that no error was committed in this portion of the case.

There are matters in the charge in which I should not be willing to concur, but they are in favor of the defense.

I find no rulings of which defendant Waldo is entitled to complain and

The judgment should be affirmed with costs.

The other Justices concurred.