MARTHA E. BALDWIN

*v.*

ELBRIDGE HANECY.

204    281
114a  ¹138

*Opinion filed October 26, 1903.*

1. RES JUDICATA—*when judgment is an absolute bar to a second suit.* A judgment upon the merits is a bar to a second suit between the same parties on the same cause of action, and is conclusive not only as to every matter presented to defeat or sustain the action, but also as to every matter which might have been presented.

2. SAME—*effect where the parties were joint defendants to former suit.* That the parties to a second suit were joint defendants in the former one makes no difference as to the application of the doctrine of *res judicata* if the judgment or decree in the former suit settled their adverse interests.

3. SAME—*rule as to estoppel by verdict.* ·Where a judgment in a former suit is pleaded in bar of a second suit there must generally be identity of parties, subject matter and cause of action, but if some controlling fact material to the determination of both suits was finally adjudicated in the former case such adjudication is conclusive of such fact in the second suit, whether the causes of action are identical or not.

*Baldwin* v. *Hanecy,* 104 Ill. App. 84, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

Plaintiff in error filed her bill in the superior court of Cook county on March 29, 1901, against the defendant in error, for an accounting, to which he pleaded in bar a

decree of the circuit court of Cook county entered January 20, 1881. The cause being heard on the issue thus joined, the bill was dismissed for want of equity. The Appellate Court for the First District affirmed that decree, and hence this writ of error.

The bill alleges that in 1876 one James Cash, husband of the complainant, and Michael Worthy, had certain transactions out of which grew claims by the latter and upon which he afterwards obtained a judgment for $2000 against said Cash, the defendant, Hanecy, acting as the attorney of Cash, and upon whose counsel and advice he transferred to him, the defendant, certain promissory notes, and conveyed or caused to be conveyed to him certain city lots in Chicago, all of which was done for the purpose of hindering and delaying the said Worthy and other creditors of said Cash in the collection of their just claims against him; that property of the value of $4000 was so conveyed, which the defendant claimed was on account of certain claims then due him for attorney's fees rendered to James Cash, amounting to the sum of $500; that another part of said real estate was transferred to him by Madeline Cash, a daughter of James Cash, on account of a claim due him for attorney's fees, amounting to $75; that the total claim then made by the defendant against James Cash for attorney's fees did not exceed $575, for which he obtained possession of real estate formerly owned by Cash amounting in value to $4000; that on February 25, 1878, Michael Worthy filed a creditor's bill in the circuit court of Cook county against the defendant, James Cash, the complainant herein and others, for the purpose of reaching the said property so transferred and conveyed to the defendant, in the course of which litigation Adolph Heile was appointed receiver and ordered to obtain possession of all the properties, assets, etc., belonging to James Cash; that said receiver, during the year 1879, filed his bill against the defendant, Hanecy, and others, praying that all of said property be

subjected to the payment of said Worthy judgment; that on November 29, 1879, Hanecy filed his separate answer to the receiver's bill, a copy of which is attached to and made a part of the complainant's bill, it being alleged that he therein "admitted that valuable real estate had been conveyed to him by Cash in a deed stating a consideration of $2000, actual consideration $500, and a conveyance by Madeline Cash, daughter of James Cash, stating a consideration of $1000 but the actual consideration was $75;" also admitting he was at "that time in possession of two notes made by a certain firm named Boyer & Corneau, for $2000 each, and one note by Atkinson & Walker for $5000, all of which notes were payable to Cash;" that he at that time claimed in his answer a lien upon said notes for fees to be earned by him and on account of services to be rendered James Cash, Martha E. Cash (complainant) and Eugenie Cash, according to certain express agreement made by James Cash with him and the makers of said notes, which agreement provided also for the payment of the balance of said money to Martha E. Cash in lieu of her dower right in the real estate of James Cash transferred as aforesaid, in which she joined. It is then alleged that by virtue of the terms and conditions of the agreement so made, complainant became entitled to the balance that would remain on hand after the payment of a reasonable fee to the defendant, to be figured during the course of the faithful and conscientious discharge of his duties towards James Cash and Eugenie Cash; that complainant did not know of said agreement, or its terms, until recently, and that no part of the $9000 (being the amount of said notes) was ever paid to her by the defendant; that the defendant acted as counsel and solicitor for James Cash during all of said procedure and suits, and that the original claim of Michael Worthy against her husband was just and he liable for the same, and that it was the duty of the defendant, as the confidential adviser and attorney of Cash, to so advise him, which he

failed to do, but unnecessarily prolonged the litigation for the sole purpose of enabling himself to earn a large amount of money for his fees, to be paid out of the proceeds of said notes; that the defendant collected almost the entire sum of money due upon said notes and appropriated the proceeds to himself on account of alleged fees, the total amount of money and property secured by him amounting to $12,000; that no money whatsoever was paid over to the complainant, as provided by said express agreement; that at the final termination of the suit commenced by Worthy, the defendant, Hanecy, retained for himself $6000; that whatever services were rendered by him had been sufficiently compensated by the transfer of said real estate, and that he was not justly entitled to any portion of the moneys as represented by the said notes, amounting to $9000. The prayer is, that the defendant be required to fully set forth a true and just account of all moneys by him received on account of the proceeds of said notes, and required to render an account of all expenses claimed by him on account of alleged services, and to render a full account showing whatever balance remained due to the complainant by reason of said agreement and how the same was used, and that he be decreed to pay over whatever money he may have in his possession belonging to the complainant, and transfer whatever property now held and owned by him which was acquired by means of any moneys which were due and owing to complainant by reason of said agreement.

In the answer of the defendant, Hanecy, to the bill of Heile, (a copy of which is made a part of the bill,) he alleges that the conveyance of the lots to him was made in payment of attorney's fees; that he acted as attorney of Eugenie Cash in the sale of certain quarry property, the agreed price for which was $6000, $2000 being paid in cash, and Boyer & Corneau, the purchasers, giving their two notes, for $2000 each; that said notes were delivered to the defendant to pay all attorney's fees, costs

or charges due to himself, Robert Hervey and other attorneys from Eugenie Cash or her father, James Cash, and the balance was to be paid over to Eugenie Cash; that the note of Atkinson & Walker was placed in his (defendant's) hands to be held under an agreement between James Cash and said Atkinson & Walker; that said note was to be held by him under said stipulation, and also to pay himself anything that might be due from James Cash or Martha E. Cash, (this complainant,) and the balance, if any, was to be paid over to Martha E. Cash in payment of her dower interest in certain real property held by said James Cash, she having joined him in conveying her dower in said property. By that answer he denies that said conveyances were made to hinder, delay or defraud creditors, and alleges that he holds the said Atkinson & Walker note under an agreement entered into between said Cash and Atkinson & Walker, as security for moneys due to himself, Robert Hervey and other attorneys therein named, and the balance, if any, he will be liable to account for to Martha E. Cash; that he took the Atkinson & Walker note and the Boyer & Corneau notes as collateral security for the amount due and to become due, as stated, without any notice of fraud.

To the present bill defendant, by his plea of former adjudication, sets up that prior to the commencement of this suit Adolph Heile, receiver of the estate of James Cash, filed a bill in chancery against defendant and the complainant and others, charging, among other things, that the defendant held certain properties in trust in which James Cash had a beneficiary interest, alleging such rights and interests as the complainant claims by her present bill, and praying relief against the defendant in the same manner and for the same matters and to the same effect as the plaintiff now prays, to which the defendant and the complainant filed answers, upon which evidence was taken and a final decree entered on Janu-

ary 20, 1881, in effect as follows: He sets out a decree rendered on the bill, entitled Adolph Heile, as receiver of the estate of James Cash, *vs.* Eugenie Staudt, (formerly Eugenie Cash,) Martha E. Cash, (this complainant,) James Cash, Elbridge Hanecy and others, and on a cross-bill therein filed by William D. Cox against the same parties, which decree finds the recovery of the above mentioned judgment of Michael Worthy, the transfer of said property to the defendant by James Cash and Eugenie Cash; that said Worthy acquired a lien for the satisfaction of his judgment on the promissory notes so transferred, upon which Heile, the receiver, had already collected $2106.82, that sum being ordered to be applied in part satisfaction of said judgment; that Atkinson & Walker had executed their note on November 25, 1876, payable to the order of James Cash, for $6500, which became security for the payment of said judgment, and upon which William D. Cox is entitled to a lien as security for his liability incurred as surety for the payment of said judgment; also, that James Cash agreed that certain attorneys therein named, including the defendant, Hanecy, should have a lien upon said notes, or the proceeds thereof, for their legal services rendered and to be rendered to said Cash, and that Hanecy should have a lien upon said note for his services rendered to Eugenie Cash; that one Stephen Keough is entitled to a lien upon said note for $485, subject to a lien in favor of Boyer & Corneau for $318.32. It is then ordered that the balance due upon the Worthy judgment, $1481.60, be paid out of the proceeds of the Atkinson & Walker note to said receiver, Heile, in full satisfaction of that judgment. The decree further finds that the defendant, Hanecy, has collected on said Atkinson & Walker note $7728 above the amount expended by him in collecting the same; that James Cash is indebted to the several attorneys entitled to liens, as above stated, other than the defendant, $1244.50, and to the defendant, Elbridge Hanecy, $4120, and that Eugenie

Staudt (formerly Eugenie Cash) is indebted to the said
Hanecy in the sum of $565, all of which amounts are
entitled to be paid out of said Atkinson & Walker note.
The defendant, who appears to have been appointed spe-
cial receiver in that proceeding, was ordered to pay out
of the moneys in his hands, as such receiver, the balance
of $1481.68 in satisfaction of the Worthy judgment, and
out of the balance of the money collected by him upon
said Atkinson & Walker note, $6078, he was directed to
pay the several amounts found due said parties for attor-
ney's fees, "and that he apply the balance of said money
in satisfaction of his own bill against James Cash and
Eugenie Staudt, (formerly Eugenie Cash,) and that upon
the payment of the sums aforesaid he shall stand dis-
charged as receiver and his bond become discharged and
satisfied;" also, said Hanecy is adjudged to be the abso-
lute owner of lots 21 and 22 and lot 11, being the same
lots mentioned in the present bill.  The court further
finds that, all costs in the cause having been paid, no
judgment for the same should be entered against any
party.  It concludes with the recital, "and this decree
is satisfied in open court by the payment of the moneys
therein specified."  The plea then avers that said final
decree remains in full force, and the same is pleaded to
the whole of the complainant's bill.

DANIEL M. MICKEY, for plaintiff in error.

GEORGE P. MERRICK, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

While there are indirect charges in complainant's bill
of misconduct on the part of the defendant in his profes-
sional relations with James and Eugenie Cash, she does
not attempt to impeach the decree set up in the plea for
fraud.  It seems to be conceded by her counsel that that
decree remains in full force and effect, the sole conten-
tion being, that the record in that case shows a different

cause of action from that involved in this suit, and that the matter in controversy in the present action was not in issue or determined in that.

It is undoubtedly true that a different rule applies in cases where the action pleaded in bar to a second suit is upon the same claim or cause of action, and where, though between the same parties, it is upon a different claim or cause of action. A judgment upon the merits in the first case is an absolute bar to a subsequent action, "concluding parties not only as to every matter which was offered and received to sustain or defeat the action or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in a prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered." (*Cromwell* v. *County of Sac,* 94 U. S. 351; *Riverside Co.* v. *Townshend,* 120 Ill. 9.) It is conceded that both parties to this bill were parties defendant to the former action. That they were made joint defendants in that action makes no diference in the application of the doctrine of *res judicata,* if the decree in that case settled the adverse interests of the parties here in controversy. *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122.

In our view of this case it is of little importance whether this action should be considered as being for the same claim or demand as that litigated in the case of Heile, receiver, against the defendant and others, or not. It is perfectly clear that the matters there in issue and finally adjudicated involved the entire subject matter of the present action. Where one action is pleaded in bar of another, as *res judicata,* there must generally be "identity of parties, of subject matter and of cause of action to constitute the first a bar to the second. Where, however, some controlling fact or question material to the

determination of both of the causes has been adjudicated in the former suit by a court of competent jurisdiction, and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits or not. The latter is in some of the cases designated as estoppel by verdict." (*Wright* v. *Griffey,* 147 Ill. 496, and cases cited.) Certainly, the subject matter,—that is, the property conveyed and transferred to defendant by James Cash and his daughter,—was in controversy in the former action. The receiver there claimed that property for the satisfaction of the Worthy judgment. The defendant, Hanecy, by his answer denied that claim, setting up his right thereto for the payment of an indebtedness due the parties therein mentioned as well as himself, and attempted to protect the same claim now set up by the complainant under his agreement with her husband,—*i. e.,* his liability to pay over to her the balance, *if any,* remaining in his hands after the satisfaction of the liabilities alleged to be due himself and the other attorneys mentioned. The plea shows that she also answered that bill, though it does not appear what she then claimed. Upon the issues formed in that case by the Heile bill and the defendant's (Hanecy's) answer, the controlling fact or question to be determined by the court was who should have the property, and it did, as shown by the decree set up in the plea, fully and completely dispose of that question. The solemn adjudication and decree of the court in that case was, that of the property conveyed and transferred to the defendant nothing whatever remained in his hands to be turned over or paid to this complainant. She being a party to that proceeding, must be held concluded and bound thereby. What she seeks to do by the present bill is to compel the defendant to account for the proceeds of certain notes alleged to be held by him in trust for her.

The plea shows that he does not hold those notes, but that by the adjudication in the former suit they were taken from his control and applied to the payment of the indebtedness of James Cash and Eugenie Staudt (formerly Eugenie Cash) found by the court to be due and owing by them. We are at a loss to perceive upon what principle it can be said that adjudication is not final and conclusive between the parties.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER took no part in the decision of this case.