## BUFFALO v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 1403.

Circuit Court of Appeals, Tenth Circuit.

July 17, 1936.

J. G. Austin, of Miami, Okl. (Commons & Chandler, of Miami, Okl., on the brief), for appellant.

Ray McNaughton, of Miami, Okl. (Arthur G. Croninger, of Miami, Okl., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

Willie Buffalo carried an automobile public liability policy with appellee, with coverage limited to accidents occurring while the automobile was "being personally driven by, or under the personal supervision of O. V. Jolley while in the sole employ of Willie Buffalo in the capacity of chauffeur." One night in 1929 Buffalo's automobile collided with the wagon of one Wyer, permanently injuring Wyer. Wyer sued Buffalo in the state court, the insurance company defending under an agreement that by so doing it waived none of its rights under the policy. Buffalo made a written statement to the company describing in circumstantial detail the doings of himself and Jolley on the night in question, which disclosed that neither he nor Jolley was in the car at the time of the accident. Both Buffalo and Jolley so testified at the trial of the personal injury suit. There was proof at the trial to the contrary. One of the questions submitted by the state court to the jury was whether Buffalo and Jolley were in the car when the collision occurred. The jury returned a verdict for $20,000 on which judgment was entered.

Execution being returned unsatisfied Wyer sued the insurance company under a provision of the policy that an injured person might sue thereon if execution against the insured were returned nulla bona. The company defended on the ground that Buffalo had failed to co-operate in the defense of the main suit, as the policy required, particularly in that he had stated and testified he was not in the car at the time of the accident, when in fact he was. Wyer admitted that Buffalo was in the car, as Wyer had testified in the main suit. Buffalo was not a party to this action; the pleadings of both parties admitted he was in the car at the time of the accident, and Buffalo had no op-

portunity to join issue on that allegation nor to establish that which he has at all times maintained—that he was not in the car. This court reversed a judgment in favor of Wyer, holding as a matter of law that, since Buffalo had made a statement of facts which both parties to the litigation conceded was false, the co-operation clause had been breached. United States Fidelity & Guaranty Co. v. Wyer (C.C.A.10) 60 F.(2d) 856, certiorari denied 287 U.S. 647, 53 S.Ct. 93, 77 L.Ed. 560.

Without having paid the judgment against him, Buffalo now sues on the policy. The company set up four separate defenses which, if we interpret them correctly, are: (1) That it has been adjudicated in the case of Wyer against the company that no liability existed on this policy of insurance; that Wyer stood in Buffalo's shoes in suing on the policy, and that Buffalo was a witness for Wyer on the trial. (2) That Buffalo breached the clause of the policy requiring him to co-operate in defense of the suit of Wyer against Buffalo, in that Buffalo had stated he was not in the car when the accident occurred; that the company had defended that suit under a reservation of liability; that the judgment in Wyer against Buffalo is an adjudication that Buffalo was in the car; hence his statement was false. (3) That Buffalo in fact breached the co-operation clause. This defense is couched in the identical language as the defense in the suit by Wyer against the company, plus the fact that Buffalo was so drunk at the trial of Wyer against Buffalo that he was sentenced to jail for contempt. (4) That plaintiff cannot recover, in any event, unless he established that the car was driven by or under the supervision of Jolley at the time of the accident.

The plaintiff demurred to this answer; the demurrer was overruled; plaintiff elected to stand thereon and declined to plead thereto; whereupon judgment was rendered for defendant.

The briefs on both sides invite an exploration of the stratosphere of the law of res judicata, estoppel by judgment, privity of interest and appearance by representation. Buffalo denies that the judgment in Wyer against the company is an adjudication of liability on the policy or of the fact of breach of the co-operation clause. He points out, with much force, that he was not a party to that case, and had no opportunity either to allege or prove that he had co-operated, and that he cannot be bound by admissions made in a case to which he was not a party; further, that his right of indemnity for which he paid a premium cannot be frittered away by a careless or collusive suit maintained by the injured party against the company. Buffalo does assert, however, that the judgment in Wyer against Buffalo is an adjudication of the fact that the car was driven by Jolley at the time of the accident, binding upon the company since it was notified to and did defend that issue of fact. B. Roth Tool Co. v. New Amsterdam Casualty Co. (C.C.A.8) 161 F. 709. Defendant on the other hand, vigorously insists that, by some doctrine of representation or privity of interest between Wyer and Buffalo—loosely pleaded as "standing in the shoes of Buffalo"—the judgment against Wyer in the suit on the policy is binding on Buffalo, notwithstanding Buffalo had no opportunity to establish in that suit, other than as a witness, that he did co-operate. Defendant also claims that the judgment in Wyer against Buffalo, plus the written statement made by Buffalo, conclusively establishes a breach of the co-operation clause.

We find it unnecessary to explore these remote regions of the law. When the collision occurred, plaintiff's car was either driven by or under the supervision of Jolley, or it was not. If it was, then plaintiff breached the co-operation clause by a willfully false, misleading and prejudicial statement of the facts, concocted out of whole cloth. If it was not so driven, then the policy does not cover the loss. In either event, there can be no recovery. These alternative positions are pled in the third and fourth defenses, and we do not need to rule the first two.

The third defense alleges the facts constituting a breach of the co-operation clause in the language used in the answer in the Wyer Case. By standing on his demurrer, plaintiff admits those facts to be true. Our decision in the Wyer Case, even if not an adjudication against Buffalo, is controlling under the doctrine of stare decisis. Plaintiff argues that if such be the law, no recovery can ever be had on a liability policy unless the insured admits liability at the outset; that if insured's version of the accident exculpates him from liability, and the jury believes that version, there is no judgment against him and hence no liability on the policy; if the jury does not accept his version, then the company is not liable because of the breach of the co-operation clause.

Therefore, plaintiff concludes, an insured gets no protection for the premium he pays. We do not construe the Wyer Case as enabling a company to avoid liability simply because a jury does not accept the insured's version of the accident, nor if the insured is honestly mistaken in his statements as to the accident, or omits therefrom some relevant circumstance. The company is entitled, however, to an honest statement by the insured of the pertinent circumstances surrounding the accident, as he remembers them. Lacking that, the company is deprived of the opportunity to negotiate a settlement, or to defend upon the solid ground of fact. Nothing is more dangerous than a client who deliberately falsifies the facts. The allegation in the answer here is that Buffalo "willfully misrepresented" the facts. And if Buffalo and Jolley were in the car when the collision occurred, he did willfully falsify when he gave a long and detailed account of his presence at other places. There can be no suggestion here of faulty memory or mistaken version. If Buffalo was in the car when this terrible accident happened, he would remember it; if he was in the car, his statement and his testimony that his car had been stolen and that he was not near the accident until after the collision is a deliberate premeditated piece of perjury, and he should not recover. If his statement and testimony twice repeated are true, then his policy does not cover the loss, as alleged in the fourth defense. The demurrer was properly overruled to the third and fourth defenses; each of these being a complete defense in itself, whether the other defenses pleaded are good in law is a matter of no consequence.

The judgment is affirmed.