## OHIO CASUALTY INS. CO. v. GORDON et al.

## GORDON et al. v. OHIO CASUALTY INS. CO.

### Nos. 1602, 1603.

Circuit Court of Appeals, Tenth Circuit. March 28, 1938.

Petition for Rehearing Withdrawn April 13, 1938.

Raymond G. Brown, of Oklahoma City, Okl. (Hal Crouch, of Tulsa, Okl., on the brief), for Ohio Casualty Ins. Co.

C. A. Ambrister, of Muskogee, Okl. (Cannon B. McMahan, of Okmulgee, Okl., on the brief), for Eugene Gordon and E. F. Strain.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

On May 24, 1933, The Ohio Casualty Insurance Company issued its policy of automobile liability insurance to E. F. Strain.

The policy is the usual automobile liability insurance' policy. It obligates the Insurance Company, subject to certain limitations and conditions, to investigate all accidents covered by the policy, to provide a defense in the event of suit against Strain, and to pay any judgment recovered against him for the negligent operation of the vehicle up to $5,000.00 for injury to or death of one person in any one accident, and up to $10,000.00 for injuries to or death of two or more persons in any one accident.

The vehicle covered by the policy was a one and a half ton Chevrolet truck. The policy contained a provision expressly limiting the coverage so as to exclude therefrom any loss occurring while the insured vehicle "is being operated or used: (1) for towing or propelling any trailer or other vehicle."

On February 28, 1934, in the town of Beggs, Oklahoma, the truck, while being operated by Strain, struck and injured W. E. Gordon and Deuce Mabrey. On March 8, 1934, Strain made a written report of the accident to the Insurance Company, verified by his affidavit, in which he stated that at the time of the accident a four-wheel trailer was attached to the truck by a coupling pin and two chains. On April 13, 1934, Gordon made a statement to the Insurance Company in which he stated that there was a trailer attached to the truck at the time it struck him.

In April, 1934, the Insurance Company notified Strain that the policy did not cover the vehicle while it was being used for towing or propelling any trailer; that it disclaimed liability; and that it would not defend claims arising out of the accident.

On April 2, 1934, Mabrey commenced an action against Strain in the district court of Creek County, Oklahoma, to recover damages for personal injuries suffered as a result of the accident, and on May 25, 1934, obtained a default judgment against Strain for $7,000.00. Execution was issued thereon and returned unsatisfied. Mabrey then filed an affidavit for garnishment under sections 500, 501, and 502, O.S. 1931, 12 Okl.St.Ann. §§ 863–865,[1] in the district court of Creek County, Oklahoma, naming the Insurance Company as garnishee.

The Insurance Company answered in the garnishment proceeding denying liability on the ground that the vehicle was being used to tow and propel a trailer at the time of the accident and was, therefore, not within the coverage of the policy. The state court found the issues in favor of Mabrey and awarded Mabrey judgment for $5,000.00 against the Insurance Company.

On appeal therefrom the Supreme Court handed down an opinion in which it held there was some competent evidence to sustain the finding that no trailer was attached to the vehicle at the time of the accident. While a motion for rehearing was pending a settlement was made with Mabrey and the Supreme Court then withdrew its opinion and the appeal was dismissed.

On June 15, 1934, Gordon brought a suit in the district court of Okmulgee County, Oklahoma, against Strain to recover damages for personal injuries suffered as a result of the accident and on June 28, 1934, recovered a default judgment against Strain for $17,000.00. Gordon did not file a garnishment proceeding.

On March 2, 1936, the Insurance Company brought this suit under the federal Declaratory Judgment Act, Jud.Code, § 274d, as amended, 28 U.S.C.A. § 400, to have determined its liability to Strain and Gordon. In its bill of complaint the Insurance Company alleged that at the time of the accident the vehicle was being used for towing and propelling a trailer and, therefore, was not within the coverage

---

[1] Section 500, O.S.1931, 12 Okl.St.Ann. § 863, provides that when an execution shall have been returned unsatisfied the judgment creditor may file an affidavit in the office of the clerk setting forth that he has good reason to and does believe that a person or corporation named has property of the judgment debtor, or is indebted to him, and thereupon the clerk shall issue an order requiring the person or corporation to answer all interrogatories that may be propounded by the judgment creditor concerning such indebtedness or property.

Section 501, O.S.1931, 12 Okl.St.Ann. § 864, provides that the judgment creditor or his attorney shall prepare interrogatories concerning such indebtedness or property and that a copy shall be served on the garnishee, and that the garnishee shall file with the clerk full and true answers to such interrogatories verified by his affidavit.

Section 502, O.S.1931, 12 Okl.St.Ann. § 865, provides that "all subsequent proceedings against the garnishee shall be the same as in cases of attachment, as far as applicable."

of the policy. In his response and cross-complaint Strain alleged violation of the terms of the policy by the Insurance Company and the conclusiveness of the judgment in the garnishment suit under the doctrine of res judicata, and prayed judgment against the Insurance Company for $17,000.00. In his response and cross-complaint Gordon also prayed judgment for $17,000.00.

At the trial Strain testified that the Insurance Company advised him it would not defend the suits of Gordon and Mabrey; that both suits could have been settled within the limits of liability fixed in the policy; that he testified as a witness in the garnishment proceeding; that the trailer was attached to the truck by a couple of chains and a pin; that he did not know whether it was attached at the time of the accident; that he found the pin 50 yards south and the trailer north of the place of the accident; that the trailer might have come off after the accident or as a part of the accident; and that he did not know when it came off.

Gordon testified that he offered to settle the suit with Strain for less than $5,000.00; that he testified in the garnishment proceeding; that he signed a prepared statement but did not state that a trailer was attached to the truck at the time of the accident.

Mrs. Herbert Garrett, sister of Mabrey, testified that the truck did not have a trailer attached to it at the time of the accident. On cross-examination she testified:

"That she never saw any trailer.

"That some time after the accident she did see a trailer.

"That it was in front of the Burial Home and this is north of the point of the accident.

"That the truck was going north.

"That she don't know how the trailer happened to be north of the place of the accident."

Mabrey testified that he did not see any trailer attached to the truck at the time of the accident, and that he saw the truck a fraction of a second before the accident occurred.

Lancaster, a constable at Beggs, testified that he found the trailer 60 or 70 feet north of the place of the accident.

The report of Strain and the statement of Gordon adverted to above were introduced in evidence.

The trial court found that the truck was being used to tow and propel a trailer at the time of the accident; that the Insurance Company acted in good faith in denying liability and refusing to defend under the policy; and that Strain did not act in good faith.

It held, however, that on the issue of whether the vehicle was within the coverage of the policy at the time of the accident, the Insurance Company was concluded by the judgment in the garnishment proceeding under the doctrine of res judicata, and that the Insurance Company was liable to Strain and Gordon in the sum of $5,000.00. It rendered its decree accordingly. From such decree the Insurance Company has prosecuted its appeal and Gordon and Strain their cross-appeal.

In Davidson v. Finley, 96 Okl. 291, 222 P. 678, 680, the court quoted with approval from 28 C.J. 33, as follows:

"There is a distinct kind of garnishment, known as garnishment upon judgment or in aid of execution, in which the judgment is the direct basis of the writ, and which issues upon the judgment in somewhat the same manner as an execution and in immediate aid or in lieu thereof."

In Cook v. First National Bank of Pawhuska, 145 Okl. 5, 291 P. 43, the court held that in a garnishment proceeding after judgment, the judgment creditor is substituted for the judgment debtor in the enforcement of the claim against the garnishee.

The provisions of the Oklahoma statutes upon attachment and garnishment are found in chapter 3, article 2, sections 597–664, vol. 1, O.S.1931, 12 Okl.St.Ann. §§ 752–754, 891–896, 1151 et seq., 1221 et seq.

Section 624 of chapter 3, article 2, 12 Okl.St.Ann. § 1181, provides that the defendant may in all cases by answer duly verified defend the proceedings against any garnishee upon the ground that the indebtedness of the garnishee or any property held by him is exempt from execution against such defendant, or for any other reason is not liable to garnishment, or upon any ground upon which a garnishee might defend the same, "and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests."

Section 625 of chapter 3, article 2, 12 Okl.St.Ann. § 1182, provides that the proceeding against a garnishee shall be deemed an action by the plaintiff against gar-

nishee and defendant as parties defendant and all the provisions for enforcing judgments shall be applicable thereto; that when the garnishment is not in aid of execution no trial shall be had of the garnishment action until the plaintiff shall have judgment in the principal action, and that the court shall render such judgment in all cases as shall be just to all the parties and properly protect their respective interests.

In the case of Mason v. Miller, 54 Okl. 46, 153 P. 187, the court in a garnishment proceeding commenced after and in aid of judgment held that the defendant, in order to protect his interests, might participate in the trial of any issue between the plaintiff and the garnishee by virtue of the provisions of section 624, supra.

While Strain did not file any pleading in the garnishment proceeding and was formally a party defendant to the proceeding, nevertheless under section 624, supra, he had the right to participate in the trial of the issue raised between Mabrey and the Insurance Company and to undertake to establish the latter's liability under the policy; and under section 625, supra, it was the duty of the court to render such judgment as would properly protect Strain's interests.

Parties to a judgment are not bound by it in a subsequent controversy between each other unless they were adversaries in the action wherein the judgment was rendered.[2] The reason for the rule is that one should not be bound by a judgment except to the extent that he or some one representing him had an adequate opportunity to litigate the issue adjudicated with the party who seeks to invoke the judgment against him.

Hence, a judgment against several defendants is usually not conclusive as between themselves in respect to their rights and liabilities inter se.[3]

But the formal arrangement of the parties on the record is not important (Chicago, Rock Island & Pacific R. Co. v. Schendel, 270 U.S. 611, 615, 46 S.Ct. 420, 422, 70 L.Ed. 757, 53 A.L.R. 1265), and if coparties on the record were in fact adversaries as to an issue, and such issue was in fact litigated[4] and they had full opportunity to contest it with each other, either upon the pleadings between themselves and the plaintiff or upon cross-pleadings between themselves, they are concluded by the adjudication of such issue in a subsequent controversy between each other.[5]

While in the garnishment proceeding Strain and the Insurance Company were arranged as parties defendant, on the issue raised between Mabrey and the Insurance Company they were in fact adversaries; that issue was in fact litigated; and Strain had the right to participate in the trial thereof on the pleadings filed by Mabrey and the Insurance Company. We think it must follow that the adjudication concluded both Strain and the Insurance Company as to the issue in which both were directly and adversely interested.

We conclude that the court properly sustained the plea of res judicata, with respect to the issue of whether the vehicle was within the coverage of the policy at the time of the accident.

---

[2] Bluefields S. S. Co. v. United Fruit Company, 3 Cir., 243 F. 1, 10; United States Fidelity & Guaranty Company v. Haggart, 8 Cir., 163 F. 801, 804; Apple v. Bridgman, 122 Okl. 196, 253 P. 1002, 1004; Scheer v. Trust Company of St. Louis, 330 Mo. 149, 49 S.W.2d 135, 143; Wiles v. Young, 167 Tenn. 224, 68 S.W.2d 114; Standard Oil· Company v. John P. Mills Organization, 3 Cal.2d 128, 43 P.2d 797, 802; Bakula v. Schwab, 167 Wis. 546, 168 N.W. 378, 381; Freeman on Judgments, 5th Ed., vol. 1, § 422.

[3] Noble v. Johnson, 145 Okl. 46, 291 P. 26, 32; De Watteville v. Sims, 44 Okl. 708, 146 P. 224, 226; Stanley v. Parker, 207 N.C. 159, 176 S.E. 279, 280; Renfro v. Hanon, 297 Ill. 353, 130 N. E. 740, 742; Freeman on Judgments, 5th Ed., vol. 1, § 424.

[4] See Henderson v. United States Radiator Corporation, 10 Cir., 78 F.2d 674, 676.

[5] Corcoran v. Chesapeake & Ohio Canal Company, 94 U.S. 741, 744, 745, 24 L. Ed. 190; Louis v. Brown Township, 109 U.S. 162, 167, 168, 3 S.Ct. 92, 27 L.Ed. 892; Atchison, T. & S. F. R. Co. v. A. B. C. Fireproof Warehouse Company, 8 Cir., 82 F.2d 505, 515; City of El Reno v. Cleveland-Trinidad Paving Company, 25 Okl. 648, 107 P. 163, 164, 165, 27 L.R.A.,N.S., 650; Baldwin v. Hanecy, 204 Ill. 281, 68 N.E. 560, 562; National Marine Bank v. Heller, 94 Md. 213, 50 A. 521, 523; Waldo v. Waldo, 52 Mich. 91, 17 N.W. 709; Id., 52 Mich. 94, 17 N. W. 710; Freeman on Judgments, 5th Ed., vol. 1, § 425.

■ The other issues presented below were not adjudicated by the state court and were open for determination below.

It was asserted below and is argued here that the Insurance Company was not entitled to invoke the Declaratory Judgment Act, Jud.Code § 274d, as amended, 28 U S.C.A. § 400. This contention is predicated on the fact that the Insurance Company took no action until after judgments had been rendered against Strain in the actions brought by Mabrey and Gordon and the judgment had been rendered against the Insurance Company in the garnishment proceeding.

The Insurance Company made a bona fide contention that it was not obligated to defend the actions brought by Mabrey and Gordon or to pay the judgments recovered by them against Strain because the insured vehicle was not within the coverage of the policy when the accident occurred. Clearly that question could not have been determined in the actions brought against Strain by Mabrey and Gordon. The Insurance Company was not a party to either of those actions and the obligations of the Insurance Company under its policy were not involved and could not have been litigated, in those actions.

The Insurance Company also made a bona fide contention that the judgment in the garnishment proceeding was not conclusive under the doctrine of res judicata, with respect to its obligations to Strain and Gordon. Plainly that issue had not been presented in any of the previous actions and had never been determined.

Furthermore, Strain and Gordon were asserting that the Insurance Company was liable in an amount in excess of the limits fixed by the policy. That issue, likewise, had never been determined.

The bill disclosed those existing controversies between the Insurance Company and Strain and Gordon with respect to their adverse legal interests. They were actual controversies, not mere hypothetical or abstract questions. They were definite and concrete. They admitted of specific relief through a decree, not merely advisory, but definitive and conclusive in character.[6]

We conclude that the court below was clothed with jurisdiction to adjudicate the rights of the parties under the Declaratory Judgment statute and that the Insurance Company was entitled to invoke its provisions.

In refusing either to defend or endeavor to compromise the claim asserted by Gordon against Strain the Insurance Company acted on the sworn statements made by Strain in his report of the accident and on the statement made by Gordon respecting the accident. If such statements were true the vehicle was not within the coverage of the policy at the time of the accident and there was no obligation on the part of the Insurance Company either to defend or compromise the claim.

■ The insured and insurer owe each to the other the correlative duty to exercise good faith and to act fairly.

The trial court found that the trailer was not attached to the truck at the time of the accident, that the Insurance Company acted in good faith, and that Strain did not act in good faith.

■ Where a chancellor has considered conflicting evidence and made his findings thereon, they must be regarded as presumptively correct. Stearns v. Central Petroleum Company, 10 Cir., 93 F.2d 638, 641.

■ If the statements made by Strain and Gordon were true the Insurance Company was not obligated to defend or endeavor to compromise the claim asserted by Gordon against Strain. On the other hand, if they were false, then Strain and Gordon caused the Insurance Company to deny liability and induced it not to defend or compromise the claim by their own false statements. Under the circumstances they are foreclosed from asserting liability on the part of the Insurance Company in excess of the limits of the policy. Buffalo v. United States Fidelity & Guaranty Co., 10 Cir., 84 F.2d 883.

Where by the terms of its policy the exclusive right to contest or compromise any claim made against the insured is reserved to the insurer and the insured is prohibited from voluntarily assuming any liability, settling any claim, or controlling the defense of the claim, and the insurer refuses to compromise the claim for an

6 See Ætna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688; Central Surety & Insurance Corporation v. Caswell, 5 Cir., 91 F.2d 607, 609; Western Casualty & Surety Company v. Beverforden, 8 Cir., 93 F.2d 166, 168.

amount within the limits of the policy and in so doing fails to exercise good faith toward the insured, the insurer may be liable for the entire judgment recovered against the insured although it exceeds the limits fixed by the policy.[7]

In the instant case, however, the Insurance Company denied liability and refused to defend the action brought by Gordon. Strain was free to compromise Gordon's claim for any amount he saw fit. Furthermore, the trial court found that the Insurance Company acted in good faith and that finding is supported by the great weight of the evidence.

We conclude that the trial court rightfully held that the Insurance Company was not liable in excess of the limits fixed in its policy.

The decree is affirmed.

[7] Noshey v. American Automobile Ins. Co., 6 Cir., 68 F.2d 808, 809; American Mutual Liability Ins. Co. v. Cooper, 5 Cir., 61 F.2d 446, 447; Boling v. New Amsterdam Casualty Co., 173 Okl. 160, 46 P.2d 916; notes, 71 A.L.R. p. 1485 et seq.; 43 A.L.R. 329 et seq.; 37 A.L. R. 1484 et seq.; 34 A.L.R. 750 et seq.