## LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA v. REDDING et al.
## No. 2061.

District Court, W. D. Oklahoma.
July 22, 1938.

Raymond G. Brown, of Oklahoma City, Okl., and Hal Crouch, of Tulsa, Okl., for complainant.

T. Austin Gavin, of Tulsa, Okl., for respondent Catherine Redding.

Lynn Adams, of Oklahoma City, Okl., for respondent Catherine Whiteside.

VAUGHT, District Judge.

The complainant in its bill alleges that on the 5th of September, 1936, it issued its ordinary automobile liability insurance policy to one Robert M. Whiteside, now deceased; that some four months after his death, the automobile covered by the above-mentioned policy, while being driven by Catherine Whiteside and in which Catherine Redding was riding as a guest, was involved in an accident in which Catherine Redding received painful injuries; that thereafter, Catherine Redding filed a suit in the District Court of Tulsa County, Oklahoma, for the recovery of damages against Catherine Whiteside; that thereupon, demand was made upon the complainant to investigate the accident and defend Catherine Whiteside in said damage suit and, if judgment went against it, to pay said judgment up to the limit provided in the policy.

The policy contains the following clause:

"No assignment of interest under this policy shall bind the carrier until its consent is indorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy, unless cancelled, shall, if written notice be given to the carrier within thirty days after the date of such death or adjudication, cover (1) the named insured's legal representative as the named insured, and (2) subject otherwise to the provisions of paragraph III, any person having proper temporary custody of the automobile, as an insured, until the appointment and qualification of such legal representative, but in no event for a period of more than thirty days after the date of such death or adjudication."

The bill further alleges that under the terms of the policy and the facts as pleaded, there was no liability on the complainant either to investigate the accident or defend said action in the District Court of Tulsa County, and this action is brought under the declaratory judgments statute, Jud.Code, § 274d, 28 U.S.C.A. § 400, for the purpose of having determined whether or not said policy was in full force and effect and whether there is any obligation resting upon complainant to investigate said accident and defend said suit, and to pay any judgment that may be rendered against Catherine Whiteside.

This court has heretofore been reluctant to take jurisdiction under the declaratory judgments statute where a case is pending in a state court in which the same questions may be determined. In this case, however, the complainant is not made a party to the suit in Tulsa County but a demand has been made upon this complainant to defend said suit.

The court is of the opinion, from the facts stated in the complaint, that there is a real and substantial controversy between the complainant and Catherine Whiteside and, under the authority as expressed in Aetna Life Insurance Company v. Haworth et al., 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and Ohio Casualty Insurance Company v. Gordon et al., 10 Cir., 95 F.2d 605, that this court has no alternative other than to accept jurisdiction.

The motions to dismiss are therefore overruled and an exception allowed to each respondent. Respondents are allowed twenty days in which to answer.