## DOBBINS v. BARNES.

### No. 13235.

United States Court of Appeals
Ninth Circuit.

May 20, 1953.

Rehearing Denied June 17, 1953.

Ekdale, Shallenberger & Toner, San Pedro, Cal., for appellant.

Florence Lowe Barnes, in pro. per.

Before MATHEWS, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

This action, originally brought in the Superior Court of Kern County, California, and removed to the court below because of the diversity of citizenship of the parties, was instituted for the purpose of recovering for the plaintiff Barnes certain sums claimed to be due her from the defendant Dobbins. It was alleged that Dobbins, as trustee under a certain testamentary trust, had failed to pay to Barnes, one of the beneficiaries thereunder, her full share of the income of the trust estate for the year 1940.

The findings of the trial court disclose that the trust in question was created by the will of the plaintiff's grandfather who died in 1893 in Pennsylvania where his will was admitted to probate. Dobbins subsequently became the trustee of the trust and his final accounting and schedule of distribution thereof was approved by the Orphans' Court of Montgomery County, Pennsylvania, on February 27, 1942, after contest by the plaintiff and other beneficiaries. Barnes' entire distributive share of the trust estate, as disclosed by that accounting and schedule of distribution, was received by her on June 29, 1942.

Thereafter and on October 6, 1943, the Treasury Department of the United States gave notice of a proposed adjustment of the income of the trust estate for the taxable year 1940. The adjustment showed that through cancellation of certain mutual debts between the trust estate and a certain Landbar Hotel Co., lessee of a hotel owned by the estate, the estate during the year 1940 had received constructive payment of rent in the amount of some $63,000 which the Hotel Company had owed it before the mutual cancellation occurred. The Treasury's claim of a deficiency [1] was protested and a petition for a redetermination of the deficiency was filed with the Tax Court. Thereafter the controversy submitted to the Tax Court was settled on the basis of the Treasury's figures. The result of the Treasury's conclusions was to increase the trust's 1940 distributable income to $75,008.60. Barnes, holding a beneficial interest in one-fourth of the income of the estate, was thus chargeable with one-fourth of the sum last mentioned, or $18,752.15. As she had actually received during the year 1940 from the trust estate the sum of $3,600, she claimed in this action that there was a balance due her of the difference between the amount thus received and the $18,752.15, and she had judgment in the court below for that amount, or $15,152.15.

The basis for the trial court's judgment is shown in its third conclusion as follows: "That the adjudication of the Treasury Department of the United States of October 6, 1943, and the subsequent decision of the Tax Court of the United States thereon are res adjudicata as between the plaintiff and the defendant." The record contains no evidence from which the court could conclude that the trustee Dobbins

1. The circumstances which gave rise to the claim of a deficiency are set forth in that portion of the court's finding IX as follows: "That the Treasury Department adjustment showed that the trust estate of Richard J. Dobbins leased the Broadwood Hotel, a property owned by the estate, to the Landbar Hotel Company; that the estate was indebted to the Landbar Hotel Company for advances made by the Landbar Hotel Company over a period of several years, in the amount of Sixty-Three Thousand Four Hundred Fifty-Five and 44/100 Dollars ($63,455.44), and the Landbar Hotel Company was indebted to the estate; that in negotiations for a new lease, the accounts were offset, and the net amount due by the Landbar Hotel Company for unpaid rent was forgiven on a cash receipts and disbursements basis; however, the unpaid rent forgiven was never reported by the estate as income and, therefore, the above mentioned offset of accounts represents constructive payment to the estate in the amount of Sixty-Three Thousand Four Hundred Fifty-Five and 44/100 Dollars ($63,455.44). That after taking into account certain other deductions, the Treasury Department found that the additional income for the year 1940, to be assessed by reason of the above-mentioned transactions, was in the sum of Forty-Five Thousand Six Hundred Seventy-Three and 03/100 Dollars ($45,673.03), making the total net income chargeable to the estate for the year 1940, Seventy-Five Thousand Eight and 60/100 Dollars ($75,008.60)."

had received in 1940, or at any other time, any amounts for which he had not accounted to Barnes. The accounting called for by the judgment is based exclusively upon the conclusion quoted above.

We think that this conclusion and the judgment of the court are not sustainable upon the record. If it be assumed that both of the parties now before us were parties to the proceedings in the Tax Court, it is obvious that the only question before the Tax Court was one of tax liability to the United States. In the proceedings in the Tax Court Dobbins and Barnes were not adversaries. It is a rule of universal application that "Parties to an action are not bound by the judgment, in a subsequent controversy with each other, unless they were adversary parties in the original suit." City Bank of Wheeling v. Rhodehamel, 4 Cir., 223 F. 979, 983. "The reason for the rule is that one should not be bound by a judgment except to the extent that he or some one representing him had an adequate opportunity to litigate the issue adjudicated with the party who seeks to invoke the judgment against him." Ohio Casualty Ins. Co. v. Gordon, 10 Cir., 95 F.2d 605, 609. This rule, stated in Freeman on Judgments, 5th Ed., Vol. 1, § 422, is followed in California, Standard Oil Co. v. John P. Mills Organization, 3 Cal.2d 128, 43 P.2d 797, and is recognized in Pennsylvania, Jordan v. Chambers, 226 Pa. 573, 75 A. 956; Simodejka v. Williams, 360 Pa. 332, 62 A. 2d 17.

Although sometimes parties arrayed as co-parties on the record may nevertheless be adversaries in fact as to an issue, Ohio Casualty Ins. Co. v. Gordon, supra, yet such cannot possibly be the case here for the Tax Court would be without jurisdiction to entertain any such issue or controversy as between these two parties.

Not only does the court's judgment lack substantial basis, but the record discloses conclusively that the claim sought to be prosecuted in the court below is barred by the judgment of the Orphans' Court of the State of Pennsylvania. That court, after duly hearing numerous objections and exceptions made and taken to the final account of the trustee, which objections and exceptions were filed on behalf of the plaintiff Barnes and other beneficiaries,[2] settled and determined the amounts payable and the property distributable to the beneficiaries, and directed conveyance to them of the assets of the trust estate. By that judgment the questions sought to be litigated in the court below were finally disposed of. The judgment of the Orphans' Court became res adjudicata in the fullest sense. See Cromwell v. County of Sac, 94 U.S. 351, 24 L. Ed. 195; Grubb v. Public Utilities Comm., 281 U.S. 470, 479, 50 S.Ct. 374, 74 L.Ed. 972; Hochman v. Mortgage Finance Corporation, 289 Pa. 260, 137 A. 252.

The additional trust estate income for the year 1940, to which attention was called in the Treasury's notice of deficiency, did not, as the findings disclose, enrich the trustee or deprive the beneficiary of something to which she was entitled. The findings of the trial court correctly referred to the item relating to rent as a mere "constructive payment to the estate". The proceedings in the Orphans' Court show that following the judgment of that court the appellee received by way of distribution her one-fourth of the assets of the trust property. What she received had an appraised value of $337,000. The results of the so-called constructive payment of rent were necessarily included in this distribution, for by it Barnes received not only the one-fourth interest in the hotel itself but also one-fourth of all the capital stock of Landbar Hotel Company, the other party to the mutual forgiveness transaction which formed the basis of the Treasury's claim of deficiency.

Accordingly the judgment of the district court is reversed and the cause is remanded with directions to enter judgment for the appellant.

2. Exception No. 16 made specific objection to the account's reference to the debt cancellation arrangement which gave rise to the tax deficiency.